IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-MJ-1856

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Vs.<br><br>DANNY MASON<br>     Defendant | REQUEST FOR DISCOVERY |

The Defendant hereby requests that the Government comply with the following discovery request, made pursuant to the provisions of Fed. R. Crim. P. 16 and other authorities cited herein.  This request is made in order to preserve, on the record, the Defendant's requests for discovery.  **THIS REQUEST DOES NOT REQUIRE ACTION BY THE COURT.**  For that reason, the requirements of Local Rule 43.04 are not applicable.

1. The Defendant requests that the Government allow the inspection and copying or photographing by the Defendant of the following:

    a. Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

b. The substance of any oral statement which the Government intends to offer in evidence at the trial made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a Government agent.

c. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, including the results of any polygraph examinations, made in connection with the case and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

d. Any recorded testimony of the Defendant before a grand jury which is related to the offense charged.

e. Any books, papers, documents, photographs, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial, or were obtained from or belong to the Defendant.

f. The Federal Bureau of Investigation identification sheet, or any other list, indicating Defendant's prior record.

2. The Defendant further requests that the Government disclose to the Defendant the following:

a. Any and all information and material known to the Government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

b. The existence and substance of any payments, promises or immunity, leniency or preferential treatment made to prospective Government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

c. A record of prior convictions of any alleged co-conspirator accomplice, informant or witness who will testify for the Government at trial.

d. Whether the Defendant was the subject of any electronic surveillance, and if so, a detail of the circumstances of any digital recovery, related to this case, to include, but not limited to any video or recording taken from or on behalf of Officer, including in a vehicle (dash cam) or at the law enforcement center (Provost Marshall's Office), relating to the Defendant's charges.

e. Whether or not the Government intends to utilize witnesses or evidence to establish other allegedly "bad acts" or "similar course of conduct" not charged in the indictment; and, if the Government so intends, then to require the Government to disclose the tangible evidence upon which it intends to rely in an attempt to establish same. [Fed. R. Evid. 404(b)]

f. To disclose the names and addresses of all prospective Government's expert witnesses, to provide the Defendant with a written summary of testimony the Government intends to offer under Evidence Rules 702, 703, or 705, describing the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications.

g. This discovery request is a continuing one and the Government must promptly notify counsel for Defendant of the existence of additional evidence or material that is discovered prior to or during trial and is subject to discovery or inspection under any provision of law.

RESPECTFULLY SUBMITTED, this is the 5TH day of NOVEMBER 2015

BY: /s/ David T. Courie
Attorney for Defendant
Beaver Courie Sternlicht Hearp & Broadfoot, P.A.
230 Green Street
P.O. Drawer 2275
Fayetteville, NC 28302
Telephone: (910) 323-4600
Facsimile: (910) 323-3403
E-mail: dtc@beavercourie.com
North Carolina State Bar No.: 24180
Retained Counsel

CERTIFICATE OF SERVICE

      I, DAVID T. COURIE, Attorney for the Defendant in the above referenced matter, do hereby certify that I have this date served a copy of the foregoing document by mailing a copy of same through first-class mail, postage prepaid, to:

_____
Special Assistant U.S. Attorney
XVIII Airborne Corps & Ft. Bragg
Fort Bragg, NC 28310-5000

RESPECTFULLY SUBMITTED, this the 5TH day of NOVEMBER 2015

                                        BY: /s/ David T. Courie
                                        Attorney for Defendant
                                        Beaver Courie Sternlicht Hearp & Broadfoot, P.A.
                                        230 Green Street
                                        P.O. Drawer 2275
                                        Fayetteville, NC 28302
                                        Telephone: (910) 323-4600
                                        Facsimile: (910) 323-3403
                                        E-mail: dtc@beavercourie.com
                                        North Carolina State Bar No.: 24180
                                        Retained Counsel